**SIGNED THIS: June 27, 2005**

*/s/ Larry Lessen*
**LARRY LESSEN
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

In Re                              )
                                   )   In Bankruptcy
GLENN EDWARD NOTTINGHAM,            )
                                   )   Case No. 04-71566
         Debtor.                    )

# O P I N I O N

The issue before the Court is whether the Trustee may set off the Internal Revenue Service's claim for 2002 taxes against previous years' overpayments by the Debtor where the Debtor did not timely file his tax returns and IRS regulations would not allow the Debtor to receive these overpayments.

The Debtor, Glenn Nottingham, filed his petition pursuant to Chapter 7 of the Bankruptcy Code on April 5, 2004. The Trustee objected to Claim #3 of the IRS because it was an estimated claim. The IRS responded that its claim was estimated because the Debtor had failed to file his tax returns for 1998 through 2002. A hearing was held on February 3, 2005, and the Court ordered the

-1-

Debtor to file his tax returns in 30 days.

The tax returns filed by the Debtor showed that he overpaid his taxes for 1998 through 2001, but that he owed for 2002:

```
1998 - Debtor overpaid $1,732
1999 - Debtor overpaid $1,650
2000 - Debtor overpaid $2,794
2001 - Debtor overpaid $2,421
2002 - Debtor owes $1,336
```

The IRS filed Claim #4 in the amount of $45,454.95. This claim was amended by Claim #5 in the amount of $1,791.97. The IRS has indicated that it has exercised the administrative setoff of the 2001 federal tax overpayment against the 2002 federal tax liability and the resulting balance has been refunded to the Trustee.

The Trustee objects to Claim #4 because it has been amended by Claim #5. There is no dispute as to this objection and Claim #4 will be disallowed.

The Trustee also objects to Claim #5. The Trustee wants to set off Claim #5 against the pre-petition overpayments for the years 1998, 1999, and 2000. In addition, the Trustee wants the IRS to turn over the entire amount of the 2001 federal tax overpayment.

The parties agree that the Debtor is not entitled to a refund of the pre-petition overpayments. 26 U.S.C. § 6511(a) provides as follows:

> (a) **Period of limitation on filing claim.** Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or <u>if no return was filed by the taxpayer, within 2 years from the time the tax was paid</u>. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer

within 3 years from the time the tax was paid.  (emphasis added).

As one bankruptcy court explained,

> Under most circumstances, taxpayers who file returns have three years from the time they filed their return or two years from the time they paid their taxes to claim a refund.  Taxpayers who have not filed returns, on the other hand, must file a claim for refund within two years of the alleged overpayment.  See Title 26 U.S.C. § 6511(a).  A refund cause of action must be timely filed under one of the limitations periods in Section 6511(a) for the district court to obtain jurisdiction over the suit.  See <u>United States v. Dalm</u>, 494 U.S. 596, 607, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548.  These two and three-year limitations periods are referred to in tax law parlance as "look-back" periods.

<u>In re Guardian Trust Co.</u>, 260 B.R. 404, 406, *n. 2* (S.D. Miss. 2000).

Because the Debtor did not file his tax returns, he had to file a claim for a refund of his overpayments within two years of the overpayments.  The Debtor did not file a claim for a refund within the two-year look-back period for the 1998 through 2000 tax years, and the Trustee concedes that he cannot request such refunds. Nevertheless, the Trustee maintains that he may still use these overpayments to set off against the taxes owed for 2002.  In other words, the Trustee asserts that, even though he may not use the 1998 through 2000 overpayments as a sword, he may still use them as a shield.

There are two problems with the Trustee's argument.  First, the Trustee presumes that he may direct how the overpayments are applied.  As a general rule, the IRS honors a taxpayer's request about how to apply a voluntary payment. <u>In re Ryan</u>, 64 F.3d 1516, 1522 (11th Cir. 1995).  A different rule applies, however, to overpayments:

>   In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c) and (d), refund any balance to such person.

26 U.S.C. § 6402(a).  *See* 26 U.S.C. § 6401(b)(1) (defining overpayment).  Thus, the IRS has the authority to apply the overpayments to any tax liability of the Debtor.  The Trustee has not cited and the Court has not found any cases where the IRS applied the voluntary repayment rule to overpayments.  <u>In re Harker</u>, 357 F.3d 846, 849 (8th Cir. 2004); <u>In re Ryan</u>, *supra*, 64 F.3d *at* 1523; <u>Kalb v. U.S.</u>, 505 F.2d 506, 509 (2nd Cir. 1974), *cert. denied*, 421 U.S. 979, 95 S.Ct. 1981 (1975).

Second, the specific statutory language makes it clear that the Trustee cannot use the 1998-2000 overpayments for set off.  28 U.S.C. § 6402(a) provided that the Debtor's 1998-2000 overpayments could have been "credited" to another year's tax liability or "refunded" to the Debtor.  The right to claim this credit or refund, however, expired pursuant to 26 U.S.C. § 6511(a).  *See* <u>U.S. v. Dalm</u>, *supra*, 494 U.S. *at* 602.  Thus, the Trustee no longer has a claim for the 1998-2000 overpayments available for setoff.

The Trustee's reliance on <u>In re Guardian Trust Co.</u>, 260 B.R. 404 (S.D. Miss. 2000) is misplaced.  <u>Guardian Trust</u> involved the jurisdiction of the bankruptcy court to determine the debtor's tax liability under 11 U.S.C. § 505.  The trustee was trying in 1997 to use the debtor's net operating loss for 1991 to reduce the debtor's tax obligation for 1988 through 1990.  The IRS argued that this request was untimely under § 6511 but, in fact, § 6511(d)(2) provided for a seven-year "look-back" if the net operating loss

related to bad debts or worthless securities.  Following <u>U.S. v. Kearns</u>, 177 F.3d 706 (8th Cir. 1999), the bankruptcy court found that the debtor did not have to file an administrative claim with the IRS in order to confer jurisdiction on the bankruptcy court under § 505.  Because the IRS had filed a proof of claim in the bankruptcy case, the court found that the bankruptcy court had jurisdiction to determine the debtor's tax liability.  260 B.R. *at* 414.

In the present case, the jurisdiction of the bankruptcy court is not at issue and the Trustee is not seeking to determine tax liability under § 505.  Moreover, the Trustee has not cited a specific statutory authority which would allow him to "look back" at the 1998-2000 overpayments for setoff.  *See* <u>In re Armstrong</u>, 206 F.3d 465, 472 (5th Cir. 2000).

For the foregoing reasons, the Trustee's Objection to Claim #4 is allowed, the Objection to Claim #5 is denied, and the Trustee's Motion for Turnover is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###